UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 18-4589 PSG (JEMx) | Date | June 19, 2018 |
|---|---|---|---|
| Title | U.S. Bank National Association v. Jeannie Assimos, et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** Order REMANDING action to state court

    Before the court is a notice of removal filed by Defendant Jeannie Assimos ("Defendant"). *See* Dkt. # 1 ("*NOR*"). After reviewing the notice, the Court concludes that it does not retain subject matter jurisdiction over this action and so **REMANDS** it to state court.

    Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity of citizenship between the parties, *see* 28 U.S.C. § 1332. For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the $75,000 amount in controversy requirement must be met. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a). For federal question jurisdiction, the well-pleaded complaint rule requires a federal question to be evident from the face of the complaint. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). If there is any ambiguity as to the propriety of removal, federal jurisdiction must be rejected. *See id*.

    Defendant first asserts that jurisdiction exists on the basis of a federal question. *See* Dkt. # 1 ("*NOR*") ¶ 3. Having reviewed her notice and the attached complaint, the Court concludes that there is no basis for federal question jurisdiction. Defendant alleges that the "[Plaintiff's] conduct relates to the enforcement of a security interest," and appears to assert that the conduct violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq. *Id*. However, federal defenses or federal counterclaims provide no basis to remove an action over which the Court does not otherwise retain federal jurisdiction. *See Franchise Tax Bd. of Cal. v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-4589 PSG (JEMx) | Date | June 19, 2018 |
|---|---|---|---|
| Title | U.S. Bank National Association v. Jeannie Assimos, et al. | | |

*Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10 (1983). Because the underlying complaint asserts only a state law unlawful detainer claim over which this Court does not have jurisdiction, there is no basis for federal question jurisdiction.

Defendant also fails to show a basis for diversity jurisdiction under § 1332. *See NOR* ¶ 5. In what appears to be a counterclaim for injunctive relief, Defendant seeks use the value of the property in question to satisfy the amount in controversy requirement. *Id.* ¶ 7. This fails because diversity jurisdiction must be satisfied by the complaint. *See Freeport-McMoRan v. K N Energy*, 498 U.S. 426, 428 (1991). Here, Plaintiff seeks only past due rent and fair rental value, together well below the $75,000 minimum requirement. *See NOR*, Ex. A. Moreover, Defendant neither provides her own citizenship nor properly identifies that of Plaintiff, which is a trust. *Id.* ¶ 6. For the purposes of diversity jurisdiction, a "trust has the citizenship of its trustee or trustees." *See Johnson v. Columbia Properties Anchorage LP*, 437 F.3d 894, 899 (9th Cir. 2006). Defendant instead provides Plaintiff's principle place of business, which is insufficient. *NOR* ¶ 7. Because the amount in controversy is not satisfied and diverse citizenship has not been plead, the Court does not have diversity jurisdiction over this matter.

Because the Court does not retain subject matter jurisdiction, it hereby **REMANDS** the action to state court.

**IT IS SO ORDERED.**